20461. MEARS *v.* GRIMES, Sheriff.

DUCKWORTH, Chief Justice. The pleadings and stipulations as to the appointment of counsel, continuances of the case after it was set down for trial, the subsequent release of appointed counsel one. day before trial when counsel was employed by members of the defendant's family, and the refusal of a continuance requested by employed counsel, fail to show that the defendant has been deprived of the benefit of counsel, or that his incarceration after conviction is an illegal restraint depriving him of his liberty without due process of law; and the court did not err in remanding him to the custody of the sheriff. Nor can the case. be compared to *Walker v. State,* 194 *Ga.* 727 (22 S. E. 2d 462), and *Edwards v. State,* 204 *Ga.* 384 (50 S. E. 2d 10), wherein legal grounds for continuance were shown, which were not contradicted by any evidence, since the continuance request merely states that counsel desires to subpoena some witnesses and records without showing who, what, or for what purpose.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 12, 1959—DECIDED JUNE 5, 1959—REHEARING DENIED JULY 8, 1959.

*Wendell C. Lindsey,* for plaintiff in error.
*Paul Webb, Solicitor-General, E. L. Tiller,* contra.